UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON ATLEE PARSONS,

Plaintiff,

v.

ALAMEDA COUNTY SHERIFF'S DEPARTMENT, et al.,

Defendants.

Case No. 14-cv-04674-JSC

**ORDER OF SERVICE; OF PARTIAL DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, a state prisoner, filed this pro se civil rights complaint under 42 U.S.C. § 1983 against the Alameda County Sheriff's Department, the Alameda County District Attorney's Office, deputies in both offices, Judith A. Browne, the City of Hayward and the City of Oakland for failing to protect him from a dangerous inmate who attacked him.[1] His application to proceed *in forma pauperis* is granted in a separate order. For the reasons explained below, the complaint is ordered served upon certain defendants, and claims against three of the defendants are dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §

[1] Plaintiff consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. 1 at 4.)

United States District Court
Northern District of California

1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus,* 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974. Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**LEGAL CLAIMS**

Plaintiff alleges that he entered a contract with the Alameda County District Attorney's Office and three deputies in that office, defendants Elgin Lowe, Amielar Ford and Terry Wiley, in which they agreed not to allow Plaintiff to enter prison, where he would be exposed to two murder defendants, in exchange for his cooperation in prosecuting them. He alleges that although the District Attorney's Office and the three deputies were aware that Plaintiff's life would be threatened in prison, they nevertheless breached the contract by allowing him to enter prison where he was exposed to one of the murder defendants on a transportation bus and was physically

attacked. Plaintiff further alleges that defendant Lowe ordered him transported on the same bus as one of the murder defendants as retaliation for his refusal to testify at that defendant's preliminary hearing, and then provided Plaintiff's name to the defendant and his attorney. In addition, he alleges that the Alameda County Sherriff's Department and Deputy Sheriff Turner conspired with the District Attorney's Office to put him on the transportation bus with the murder defendant despite knowing the danger he posed to Plaintiff. Plaintiff states that he remains in the prison system in constant fear of further being killed. When liberally construed, these allegations state cognizable claims against these defendants for violating his Eighth Amendment right to be free from cruel and unusual punishment. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (Eighth Amendment requires that officials take reasonable measures to guarantee the safety of prisoners, including protection from violence at the hands of other prisoners).

Plaintiff has also listed the City of Hayward and the City of Oakland as Defendants but he only alleges in conclusory fashion that these municipal entities conspired in the breach of contract, without alleging what actions they took or how they participated in the alleged decision to allow him to go to prison and be exposed to the dangerous inmates. *See Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013) (liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right). Consequently, the complaint will be dismissed as to these two Defendants. Plaintiff may file an amended complaint to correct the deficiencies in his claims against these Defendants provided that he follows the instructions below.

Plaintiff also names as a defendant Judith A. Browne. He alleges that she is a criminal law expert who advised the prosecutors in how to breach the contract with Plaintiff. Plaintiff does not allege where she worked or what position she held when she provided this advice, and as a result, it cannot be inferred from the complaint that she was acting under color of state law, as is required for her to be liable under 42 U.S.C. § 1983. *See West*, 487 U.S. at 48. Accordingly, the claim against her must be dismissed, but Plaintiff may correct this deficiency in the amended complaint ordered below. If he does so, he must also provide Browne's current location in the amended

United States District Court
Northern District of California

complaint so that the Marshal will be able to serve her.

**CONCLUSION**

1. The claims against Judith A. Browne, the City of Oakland and the City of Hayward are DISMISSED with leave to amend. If Plaintiff wishes to pursue his claims against them, he must file an amended complaint within **twenty eight (28) days from the date this order is filed**. The amended complaint **must** include the caption and civil case number used in this order (No. C 14-4674 JSC (PR)) and the words "COURT-ORDERED FIRST AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992), Plaintiff may not incorporate material from the original by reference. That is, he must include the claims against the other Defendants in any amended complaint, and if he does not, those claims will be dismissed and will no longer be a part of this case. Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against Judith A. Browne, the City of Oakland and the City of Hayward.

2. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendants Alameda County Sheriff's Department, Alameda County Deputy Sherriff Turner, the Alameda County District Attorney's Office, Deputy District Attorney Elgin Lowe, Deputy District Attorney Amielar Ford, and Deputy District Attorney Terry Wiley..

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the Alameda County Counsel's Office.

Each of these Defendants shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the forms. If Defendants consent to a Magistrate Judge's jurisdiction, then:

a. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

b. No later than **91** days from the date this order is issued, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

c. At the time the dispositive motion is served, Defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

d. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the Court and served upon Defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc).

e. Defendants shall file a reply brief no later than **14** days after the opposition is filed.

f. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

3. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

4. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further Court order under Federal Rule of Civil Procedure 30(a)(2) is required before the parties may conduct discovery.

5. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of

Civil Procedure 41(b). Reasonable requests for an extension of a deadline will be allowed upon a showing of good cause if the request is filed prior to the deadline.

**IT IS SO ORDERED.**

Dated: March 23, 2015

JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If Defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.