UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON ATLEE PARSONS,

  Plaintiff,

  v.

ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,

  Defendants.

Case No. 14-cv-04674-JSC

**ORDER OF SERVICE; OF PARTIAL DISMISSAL; AND GRANTING FURTHER LEAVE TO AMEND**

## INTRODUCTION

Plaintiff is a state prisoner proceeding *pro se* in this civil rights action brought under 42 U.S.C. § 1983 claiming that defendants were deliberately indifferent to his safety in violation of his Eighth Amendment rights. After reviewing the complaint, it was ordered served on Defendants the Alameda County Sheriff's Department, Deputy Sheriff Turner, the Alameda County District Attorney's Office, Deputy District Attorney Elgin Lowe, Deputy District Attorney Amielar Ford, and Deputy District Attorney Terry Wiley. Claims against defendants Judith A. Browne, the City of Oakland and the City of Hayward were dismissed with leave to amend. Plaintiff has filed a First Amended Complaint ("FAC") that reiterates the claims against the served defendants, expands the claims against Browne, names David J. Byron and the County of Alameda as new defendants, and does not rename the City of Oakland and the City of Hayward. For the reasons stated herein, plaintiff's FAC is ordered served upon Browne and the County of Alameda, the claims against the two cities are dismissed with prejudice, and the claim against Byron is dismissed with leave to amend.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, officer, or employee of a governmental entity.   28 U.S.C. §

1915(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erick v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* At 1974. *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: 1) that a right secured by the Constitution or laws of the United States was violated., and 2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## DISCUSSION

### A. Defendants Ordered Served

The amended complaint completely replaces the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). As in the original complaint, plaintiff alleges in his FAC that he entered a contract with defendants the Alameda County District Attorney's Office, deputy district attorneys Lowe, Ford, and Wiley for a plea deal of a six-year sentence and no physical custody in state prison in consideration for his cooperation in testifying against two murder defendants. Plaintiff alleges he was purposely placed in danger as punishment by being seated

2

next to the gang member he was to testify against.  He further alleges that while in custody, the Alameda County Sheriff's Department acted with deliberate indifference by placing him before two gang leaders knowing they would endanger him.  He also claims that defendants allowed him to enter prison where he was exposed to one of the murder defendants, Mr. Evans, and was physically attacked in prison.  Plaintiff states he remains in the prison system with constant fear of being killed as retaliation for his testimony against Mr. Evans.  These allegations were already found sufficient to state a cognizable claim against the Alameda County Sheriff's Department and District Attorney's Office, Lowe, Forde, and Wiley, under the Eighth Amendment.

### B. City of Hayward and City of Oakland

Plaintiff's original complaint listed the City of Hayward and the City of Oakland as defendants.  The claims against them were dismissed with leave to amend because he only alleged in a conclusory fashion that they conspired in the breach of the plea agreement.  Plaintiff was cautioned that if he did not amend the claims against them, the claims would be dismissed.  Plaintiff has not included them as defendants in the FAC.  Consequently, the claims against the City of Hayward and the City of Oakland are dismissed with prejudice.

### C. Browne and Byron

Plaintiff also named defendant Judith A. Browne in his original complaint.  The claims against her were dismissed with leave to amend because he failed to state where she worked or what position she held when she allegedly conspired with the other defendants to endanger Plaintiff.  As a result, it could not be discerned whether she was acting under the color of state law to be liable under 42 U.S.C. § 1983.  *See West*, 487 U.S. at 48.  Plaintiff's FAC has cured this deficiency by providing her current location: 1817A Mitchell Bay Rd., Friday Harbor WA., and identifying Browne as his former public defender.  When liberally construed, the allegations against Browne state a cognizable claim for conspiring with the other defendants to endanger him in violation of his constitutional rights.  *See Tower v. Glover*, 467 U.S. 914, 919-20 (1984) (action under color of state law can be found if a plaintiff can plead and prove facts which show that the public defender conspired with state officials) .

Plaintiff's allegations that Defendant Byron succeeded Browne as his public defender at

3

sentencing, and that Byron knew that Plaintiff would be in mortal danger if sent to prison, are, by contrast, even when liberally construed, insufficient to state a cognizable claim against him for conspiring with the other defendants. Plaintiff fails to allege what Byron did specifically in the conspiracy to violate his Eighth Amendment rights. *See Gilbrook*, 177 F.3d at 957-57; *Leer v. Murphy*, 844 F.3d 628, 633 (9th Cir. 1988). Accordingly, the claim against Byron must be dismissed, but plaintiff may correct this deficiency in a second amended complaint ordered below.

### C. The County of Alameda

Although the County of Alameda was not named as a defendant in the original complaint, Plaintiff names it in his FAC as part of the conspiracy claim against all defendants. (FAC at 8.) The Court presumes that the Alameda County Sheriff's Department or the Alameda County District Attorney's Office, upon whom service has been ordered based upon cognizable claims against them, are not distinct municipal entities from the County of Alameda. Consequently, the Court finds that Plaintiff has stated a cognizable claim against the County of Alameda.

### CONCLUSION

1. The claims against the City of Hayward and the City of Oakland are DISMISSED with prejudice.

2. The claims against David J. Byron are DISMISSED with leave to amend. If plaintiff wishes to pursue his claims againstByron, he must file an amended complaint within twenty-eight days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (No. C 14-4674 JSC (PR)) and the words "COURT-ORDERED SECOND AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, *see Ferdik*, 963 F.2d at 1262, plaintiff may not incorporate material from the original by reference. That is, he must include the claims against the other defendants in any amended complaint, and if he does not, those claims will be dismissed and will no longer be a part of this case. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of the claims against David J. Byron.</u>

3. The Clerk shall issue a summons and Magistrate Judge jurisdiction consent form

4

and the United States Marshal shall serve, without prepayment of fees, the summons, Magistrate Judge jurisdiction consent form, a copy of the complaint with attachments and a copy of this order on Defendants: (1) **Judith A. Browne** at 1817A Mitchell Bay Rd., Friday Harbor WA, and (2) **the County of Alameda**.

The Clerk shall also mail a courtesy copy of the Magistrate Judge jurisdiction consent form, the complaint with all attachments and a copy of this order to the Alameda County Counsel's Office.

4. Each Defendant shall complete and file the Magistrate Judge jurisdiction consent form within the deadline provided on the forms.

5. Defendants shall file an answer in accordance with the Federal Rules of Civil Procedure.

6. In order to expedite the resolution of this matter,

a. No later than **91** days from the date this order is issued, defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to the Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment is due. All papers filed with the court shall be promptly served on plaintiff.

b. At the time the dispositive motion is served, defendants shall also serve, on a separate paper, the appropriate notice required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012).

c. Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and served upon defendants no later than **28** days from the date the motion is filed. Plaintiff must read the attached page headed "NOTICE–WARNING," which is provided to him pursuant to *Rand,* 154 F.3d at 953-954.

d. Defendants shall file a reply brief no later than **14** days after the opposition

is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

**IT IS SO ORDERED.**

Dated: June 22, 2015

                      JACQUELINE SCOTT CORLEY
                      United States Magistrate Judge