UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AARON ATLEE PARSONS,

    Plaintiff,

v.

ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,

    Defendants.

Case No. 14-cv-04674-HSG (PR)

**ORDER DIRECTING PLAINTIFF TO SERVE OR TO PROVIDE LOCATION OF UNSERVED DEFENDANT**

Plaintiff, a California prisoner proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. On June 22, 2015, the Court screened plaintiff's first amended complaint and found that it stated a cognizable Eighth Amendment claim of deliberate indifference to safety. Service has been ordered on eight defendants, including plaintiff's former public defender, Judith A. Browne, for whom plaintiff provided a home address for service.

On July 31, 2015, the summons for defendant Browne was returned unexecuted with the following remark by the United States Marshal: "Spoke with property manager. House is a rental. Browne moved out late 2014. Location unknown." Docket No. 24. Accordingly, defendant Browne has not been served.

Although a plaintiff who is incarcerated and proceeding *in forma pauperis* may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). Absent a showing of "good cause," a complaint pending for over 120 days is subject to dismissal without prejudice. *See* Fed. R. Civ. P. 4(m).

1  Plaintiff has not provided sufficient information to allow the Marshal to locate and serve
2  defendant Browne.  Consequently, plaintiff must remedy the situation or face dismissal of his
3  claims against Browne without prejudice.  *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir.
4  1994) (holding prisoner failed to show cause why prison official should not be dismissed under
5  Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to
6  effectuate service).

7  Accordingly, within **sixty (60) days** of the date this order is filed, plaintiff must effect
8  service on defendant Browne, or submit to the Court sufficient information to identify and locate
9  defendant Browne such that the Marshal is able to effect service.  **Failure to do so will result in**
10 **dismissal of defendant Browne without prejudice pursuant to Rule 4(m) of the Federal Rules**
11 **of Civil Procedure.**

12 **IT IS SO ORDERED.**

13 Dated: 9/1/2015

   HAYWOOD S. GILLIAM, JR.
   United States District Judge