UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ATLEE PARSONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ALAMEDA COUNTY SHERIFF DEPARTMENT, et al.,<br><br>　　　　　Defendants. | Case No. 14-cv-04674-HSG<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 44 |

Plaintiff, a California prisoner currently incarcerated at Mule Creek State Prison, filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On March 31, 2016, the Court dismissed as untimely Plaintiff's claims against District Attorneys Lowe, Wiley, and Ford; Deputy Turner; the Alameda County Sheriff's Department; the Alameda County District Attorney's Office; and Alameda County.[1] Docket No. 41 at 9–13. The Court dismissed the remaining defendant Judith Browne because she had not been served. *Id*. Final judgment was entered that same day, and Plaintiff did not appeal. Pending before the Court is Plaintiff's motion for reconsideration filed on April 14, 2016. For the reasons set forth below, Plaintiff's motion is DENIED.[2]

//

//

---

[1] Because the Court found that Plaintiff's claims were untimely, the Court declined to address Defendants' alternative arguments that District Attorneys Lowe, Wiley and Ford were entitled to absolute or qualified immunity for their actions. Docket No. 41 at 12.

[2] Plaintiff has also moved for reconsideration pursuant to Rule 52(b) of the Federal Rules of Civil Procedure which is inapplicable here. Rule 52(b) applies to "action[s] tried on the facts without a jury or with an advisory jury," i.e. a bench trial, and requests that a court amend its findings of fact. Fed. R. Civ. P. 52(a)(1), (b). The motion for reconsideration is properly considered under Rule 59(e).

**DISCUSSION**

**I.     Legal Standard**

The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b).  *See McDowell v. Calderon*, 197 F.3d 1253, 1255 n.3 (9th Cir. 1999). Motions for reconsideration should not be frequently made or freely granted.  *See generally Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).  "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).  Courts construing Rule 59(e) have noted that a motion to reconsider is not a vehicle permitting the unsuccessful party to "rehash" arguments previously presented, or to present "contentions which might have been raised prior to the challenged judgment."  *Costello v. United States*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991) (citing cases).  These holdings "reflect[ ] district courts' concerns for preserving dwindling resources and promoting judicial efficiency."  *Id*.

**II.    Analysis**

In asking the Court to reconsider the judgment, Plaintiff raises the new argument that his claims accrued in December 2012 because he was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and by the Prison Litigation Reform Act ("PLRA") from filing this action until the constitutional violations caused him to suffer a physical injury in December 2012.  Docket No. 44 at 2–3.  A motion for reconsideration under either Rule 59(e) or Rule 60(b) is an improper vehicle for bringing new claims not previously raised.  *See Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) ("A district court does not abuse its discretion when it disregards legal arguments made for the first time on a [Rule 59(e)] motion to amend."); *see also Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation"); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999) (Ninth Circuit held that its "abuse of discretion review preclude[d] reversing the district

2

1   court for declining to address an issue raised for the first time in a motion for reconsideration").

2   The Court therefore DENIES Petitioner's motion for reconsideration.[3]

## CONCLUSION

For the foregoing reasons, Petitioner's motion for reconsideration (Docket No. 44) is DENIED.  This case remains closed.

**IT IS SO ORDERED.**

Dated: July 18, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California

---

[3] The Court notes that Plaintiff's arguments also fail on the merits.  Plaintiff incorrectly argues that any § 1983 action was barred by *Heck v. Humphrey* and by the PLRA until the constitutional violations caused him injury, and his claims accrued of the date of his injury.  To the extent that any of Plaintiff's claims imply the invalidity of his conviction or sentence, *Heck* bars him from raising those claims until his sentence or conviction has been invalidated, even if the alleged constitutional violations caused him physical injury prior to the conviction or sentence being invalidated.  *Heck*, 512 U.S. at 487.  If Plaintiff were to overturn his conviction or sentence, any claims that would necessarily imply the invalidity of his conviction would accrue as of the date his conviction was overturned.  *Rosales-Martinez v. Palmer*, 753 F.3d 890, 896 (9th Cir. 2014) (under *Heck*, claims that, if proven, would invalidate conviction accrue when conviction is overturned; claim for suppression of evidence accrued when resulting conviction overturned on federal habeas review).  In addition, the physical injury requirement of Section 1997e(e) applies only to claims for mental or emotional injury.  *Robinson v. Page*, 170 F.3d 747, 748 (7th Cir. 1999) ("It would be a serious mistake to interpret section 1997e(e) to require a showing of physical injury in all prisoner civil rights suits.").  The PLRA's physical injury requirement did not preclude Plaintiff from raising these claims in either an action for declaratory or injunctive relief.  *See Farmer v. Brennan*, 511 U.S. 825, 845 (1994) ("'[o]ne does not have to await the consummation of threatened injury to obtain preventive relief.'") (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 593 (1923)).